IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-48-BO-3
No. 5:18-CV-166-BO

| | | |
|---|---|---|
| NOE BARREIRO, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 222]. The respondent has moved to dismiss the petition. [DE 226]. Petitioner has also moved for leave to amend his Section 2255 petition. [DE 230]. For the reasons discussed below, respondent's motion to dismiss [DE 226] is GRANTED, petitioner's Section 2255 motion [DE 222] is DISMISSED, and petitioner's motion for leave to amend [DE 230] is DENIED.

## BACKGROUND

In August 2016, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(h) and 1957. [DE 143]. In April 2017, petitioner was sentenced to 84 months' imprisonment, 3 years' supervised release, and a $100 special assessment. [DE 207]. Petitioner did not appeal.

On April 16, 2018, petitioner timely filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 222]. Petitioner argues that, given the Supreme Court's decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), on April 19, 2017, his sentence was improperly enhanced "by the use of relevant conduct." [DE 222]. The government moved to

dismiss the Section 2255 petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 226]. The petitioner then filed a motion for leave to amend his Section 2255 petition. [DE 230].

## DISCUSSION

I. Respondent's motion to dismiss is granted.

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). To avoid dismissal, petitioner's "'[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Petitioner's allegations must "plausibly establish[] the elements of his asserted cause of action." *United States ex el. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 146 (4th Cir. 2014). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner argues that his advisory guideline range was improperly enhanced "by use of relevant conduct" under U.S.S.G. § 1B1.3, as made clear by the reasoning of *Nelson v. Colorado*, 137 S. Ct. 1249 (2017). Section 2255 petitioners, however, may not raise Due Process challenges to the calculation of their advisory guideline ranges. *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015); *see also United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring

2

extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Thus, petitioner cannot state a claim upon which relief can be granted, and his petition must be dismissed.

## II. Petitioner's motion to amend is denied.

"The law is well settled that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original, internal quotation marks and citation omitted).

Here, permitting petitioner to amend his Section 2255 motion would be futile. Petitioner's challenge to his sentence under the advisory guidelines is not cognizable under Section 2255. *Foote*, 784 F.3d at 932. In his motion to amend, petitioner seeks to challenge the Order and Judgment of Forfeiture which became final at his sentencing in 2017. [DE 170]. Petitioner cannot raise such a challenge in the Section 2255 motion at issue here. Thus, it would be futile to permit petitioner to amend his petition, and his motion is denied.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

3

## CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 226] is GRANTED, petitioner's Section 2255 motion [DE 222] is DISMISSED, and petitioner's motion to amend [DE 230] is DENIED. A certificate of appealability is DENIED.

SO ORDERED, this 23 day of September, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4